**The People of the State of Illinois ex rel. Albert G. Hickland, Appellee, v. City of Chicago, et al., Appellants.**

### Gen. No. 20,699.　　(Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

### Statement of the Case.

Petition for mandamus by Albert G. Hickland to compel the City of Chicago, Carter H. Harrison, John L. McWeeney, Harmon M. Campbell, Elton Lower and John J. Flynn to reinstate the petitioner to the office or position of patrolman of the police department and to certify his reinstatement as required by law. The trial court overruled a general demurrer of the respondents to the petition, as amended, and the respondents electing to stand by their demurrer, it was ordered that writ of mandamus issue as prayed and judgment for costs was rendered against the respondents, who brought this appeal.

JOHN W. BECKWITH, for appellants; JOHN E. FOSTER, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

The People v. City of Chicago, 195 Ill. App. 48.

## Abstract of the Decision.

1. MANDAMUS, § 129*—*what petition must aver.* A writ of mandamus should not be issued in any case unless the party applying for the writ shows a clear right to it, and a clear legal duty on the part of the respondent or respondents to perform the act sought to be enforced.

2. EVIDENCE, § 10*—*what will be judicially noticed.* State courts of general jurisdiction will not take judicial notice of municipal ordinances, and they must be pleaded and proved.

3. MANDAMUS, § 138*—*when averment as to public office necessary.* A petition for mandamus to compel the reinstatement of petitioner to the office of patrolman should specifically plead the ordinance creating such office, as there is no statute creating the office of police patrolman.

4. MUNICIPAL CORPORATIONS, § 131*—*what is nature of office of policeman.* The office of policeman or police patrolman was unknown to the common law.

5. MANDAMUS, § 139*—*what petition for reinstatement to office must show.* A petition for mandamus to compel the reinstatement of petitioner to the office of police patrolman must allege that he is an officer *de jure,* and allegations that such petitioner was tried by the Civil Service Board under the title of police patrolman, and that appropriations for his salary were made by the city council, merely tend to show that he was an officer *de facto.*

6. MANDAMUS, § 139*—*when petition for reinstatement to office is insufficient.* A petition for mandamus to compel the reinstatement of petitioner to the office of police patrolman is insufficient when the allegations as to an ordinance creating the office of police patrolman are mere conclusions of the pleader and not statements of facts, from which the court can determine whether or not the position was created by ordinance.

7. MANDAMUS, § 139*—*when petition is unsufficient as showing unwarranted discharge of officer.* A petition for mandamus to compel the reinstatement of petitioner to the office of police patrolman, alleging that there was no evidence to support the findings of the Civil Service Commission in discharging him, and that petitioner was not present when the finding was made and had no opportunity to object to the same, does not show that the action of the commission was not warranted under the law, as the allegations as to evidence not justifying the finding of guilty are immaterial in determining the sufficiency of the petition, and the law did not require the presence of petitioner when the finding was made.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.